

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/1/2021__

csglaw.com

**David M. Dugan**
ddugan@csglaw.com
(O) 973.530.2078
(F) 973.530.2278

February 25, 2021

**VIA ECF**

The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007



Re:   *Shift4 Payments, LLC v. Westamerica Bank*, No. 1:21-cv-01609
      <u>Request to Seal/Redact Complaint</u>

Dear Judge Carter:

  I write on behalf of Plaintiff Shift4 Payments, LLC ("Shift4") to respectfully request that the Court issue an Order permitting the filing under seal of the unredacted version of Shift4's Complaint, which discloses the specific dollar amounts of highly confidential business transactions between the parties. In the normal course, we would have conferred with Defendant Westamerica Bank ("WAB") prior to making this request, but because Shift4 filed its Complaint only recently (on February 23, 2021), WAB has not yet appeared in the action. We therefore respectfully request that the Court permit Shift4 to maintain the (lightly) redacted copy of the Complaint (Exhibit A hereto) on the docket and to file or submit to Chambers an unredacted copy of the Complaint (Exhibit B hereto) under seal pending WAB's appearance. If directed, we will gladly confer with WAB's counsel when WAB appears with respect to a request for the continued sealing of the unredacted Complaint.

### Sealing is Appropriate in this Action

  A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). While "[t]here is a common law presumption in favor of permitting public access to judicial documents," a "court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Competitively sensitive information, for example, should be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury. *See,*

The Honorable Andrew L. Carter, Jr., U.S.D.J.
February 25, 2021
Page 2

*e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage).

Accordingly, courts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information. *See, e.g.*, *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

Here, Shift4 seeks to redact only six specific dollar references in the Complaint that reflect confidential business information relating to an agreement entered into between Shift4 and WAB. These specific dollar values do not speak to the structure and operation of the disputed contractual provisions at issue in this case or the amount in controversy.  Rather, the specific dollar references reflect pricing terms that, if disclosed to the public, could adversely impact Shift4's and WAB's negotiating position in future transactions.

The proposed redactions to the Complaint are narrowly tailored to protect commercially sensitive and confidential information, including the non-public, bargained-for terms of the Sponsorship and Marketing Agreement (the "Agreement") between Shift4 and WAB. Importantly, disclosure of the terms of this confidential business contract would likely result in competitive harm to Shift4 in future negotiations of similar agreements with other parties. For example, disclosure of the economic terms of the Agreement could disadvantage Shift4 in future negotiations with third parties with respect to similar types of agreements. *See, e.g.*, *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-6465, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations").

To protect parties from harm of this nature, courts in this Circuit have generally exercised their discretion to seal judicial records. *See, e.g.*, *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("KeyBank asserts that the sensitive nonparty financial information it seeks to protect is all the data a competitor would need to determine its valuation of the leases.  This competitive injury is sufficiently serious to warrant protection.").  In contrast, there is no benefit to the public from disclosure of the confidential information sought to be sealed here.  In fact, public disclosure of the Agreement's financial terms would result in competitive harm by providing third parties with access to competitively sensitive information, to the detriment of both Shift4 and WAB.  The competitive disadvantages that would likely result from public disclosure outweigh the interest of the public, including competitors, in viewing the six specific dollar references that Shift4 presently seeks to redact. *See Lugosch*, 435 F.3d at 120.

The Honorable Andrew L. Carter, Jr., U.S.D.J.
February 25, 2021
Page 3

## Conclusion

For the foregoing reasons, Shift4 respectfully requests that this Court enter an order permitting the Clerk to (1) accept for filing seal an unredacted copy of the Complaint and (2) accept for public filing a redacted version of the Complaint.

Respectfully submitted,

*/s/ David M. Dugan*
David M. Dugan

*Counsel for Plaintiff Shift4 Payments, LLC*

**Plaintiff's letter motion to seal is GRANTED. However, Plaintiff is advised that the documents at ECF Nos. 1 and 5-1 were not properly redacted. Accordingly, the Court hereby STRIKES the documents at ECF Nos. 1 and 5 and ORDERS Plaintiff to refile the Complaint with permanent redactions. The Clerk of Court is directed to retain the docket text at ECF Nos. 1 and 5 for the record.**

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2021